IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ALAN PETERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-0693-CV-W-HFS |
| | ) | |
| HARRAH'S OPERATING COMPANY, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

In a ruling some months ago, I granted summary judgment to an architect on the innkeeper's claim of indemnification for an injury in a shower stall. Doc. 173. Pending is a similar motion filed by the construction company that built the premises. Doc. 145. For similar reasons I will grant the motion. Harrah's has not sought to distinguish that ruling from the pending motion, or to argue the ruling was erroneous.

While there was purported expert testimony that use of a different floor tile would have been safer, the architect pointed out that the tile in question was not available when the premises were built. I agree with the architect's motion that the expert's testimony would have been inadmissible, and that malpractice by the architect could not have gone to the jury. The injured guest saw no slippery substances in the stall; that would not preclude a conceivable finding that the shower stall was in fact slippery. If anything had gone to the jury it would have been issues of concurrent negligence, including Harrah's.

The guest's claim against Harrah's was settled for some $45,000; both the architect and the construction company paid $15,000. For reasons discussed earlier, I construe the pertinent contract

as requiring a submissible case of actual negligence.  If negligence exists, a mere claim of negligence is enough for indemnification.  No judgment was needed.  But the contractor did not, in my reading, agree to no-fault indemnification or to protect Harrah's against claims of concurrent negligence.  If Harrah's wanted to be named as co-insured in insurance held by the contractor it could have inserted such a provision in the contract, as in a mortgage.

For reasons stated in the suggestions and in the reply, as well as my comments here and in my earlier ruling, the motion for summary judgment against Harrah's (Doc. 145) will be GRANTED.   SO ORDERED.


/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  9 , 2009

Kansas City, Missouri